UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| | : | Magistrate No.:   06-437-M |
| | : | |
| v. | : | |
| | : | VIOLATION: |
| MARCIA CAMPBELL, | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | 28 U.S.C. § 2461(c) (Criminal Forfeiture) |
| Defendant. | : | |

## INFORMATION

The United States Attorney charges:

1. The Pharmaceutical Research and Manufacturers of America (hereinafter "PhRMA") represents leading pharmaceutical research and biotechnology companies throughout the world, advocating for public policies that promote the discovery of new medicines for patients to live longer, healthier and more productive lives.

2. From February 8, 2000 to October 13, 2006, defendant **MARCIA CAMPBELL** was employed by PhRMA in its Washington, D.C. headquarters. She was hired as a staff accountant, but quickly assumed additional duties, including accounting system administrator and payroll. By fiscal year 2003, defendant **MARCIA CAMPBELL** was the Accounting Manager for the Finance and Operations Division. On July 1, 2005, defendant **MARCIA CAMPBELL** was again promoted to Director of Accounting. In her positions as Accounting Manager and Director of Accounting, defendant **MARCIA CAMPBELL** oversaw four staff accountants who were responsible for among other things, the annual payment of more than $150 million to various domestic and foreign vendors on PhRMA's behalf.

### COUNT I – WIRE FRAUD

3. From between in or about June 7, 2005 until in or about October 13, 2006, in the

District of Columbia and elsewhere, defendant **MARCIA CAMPBELL** devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and to deprive PhRMA of honest services as a PhRMA employee, performed free from deceit, dishonesty, self-enrichment and self-dealing.

4. The purpose of the scheme was for defendant **MARCIA CAMPBELL** to enrich herself by embezzling and stealing at least $706,344.78 from PhRMA.

5. On or about June 7, 2005, defendant **MARCIA CAMPBELL** opened a bank account at Wachovia Bank N.A. in the name of Crossing Borders Travel (hereinafter "Crossing Border's account"). She was the sole signatory on the account.

6. On or about June 9, 2005 through on or about September 15, 2006, defendant **MARCIA CAMPBELL** accessed PhRMA's accounting database, in Washington, D.C., and directed PhRMA's Bank in Richmond, Virginia to make ten electronic fund transfers and two wire transfers, totaling $430,471.53 to her Crossing Border's account.

7. On or about December 15, 2005 and July 26, 2006, defendant **MARCIA CAMPBELL** accessed PhRMA's accounting database, in Washington, D.C., and directed PhRMA's Bank in Richmond, Virginia to make two electronic fund transfers, totaling $223,650.00 to a Washington Mutual Account in defendant **MARCIA CAMPBELL's** name.

8. On or about March 17, 2006, defendant **MARCIA CAMPBELL** accessed PhRMA's accounting database, in Washington, D.C., and directed PhRMA's Bank in Richmond, Virginia to make an electronic fund transfer in the amount of $15,000.00 to a Citibank Account in defendant **MARCIA CAMPBELL's** name.

9. On or about September 26, 2006, defendant **MARCIA CAMPBELL** accessed PhRMA's accounting database, in Washington, D.C., and directed PhRMA's Bank in Richmond,

Virginia to make two electronic fund transfer totaling $37,223.25 to a Merrill Lynch investment account in the name of defendant **MARCIA CAMPBELL's** associate.

Wire Fraud, in violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATION**

10. The violation alleged in Count 1 of this Information is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 28, United States Code, Section 2461(c) (incorporating Title 18, United States Code, Section 981(a)(1)(C)).

11. Upon conviction of the offense alleged in Count 1 of this Information, defendant **MARCIA CAMPBELL** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:

> MONEY JUDGMENT:
>
> A sum of money equal to $552,652.44 in United States currency, representing the amount of proceeds obtained as a result of the wire fraud scheme, in violation of Title 18, United States Code, Section 1343, less the value of the personal property set forth below.
>
> PERSONAL PROPERTY:
>
> $11,555.31 seized from Washington Mutual Bank Account # XXXXXXXXXX;
> $1,583.22 seized from Bank of America Account #XXXXXXXXXXXXXX;
> $5,618.58 seized from Wachovia Bank Account #XXXXXXXXXXXXX;
> $46,403.79 seized from HSBC Bank USA Account #XXXXXXXXX;
> $10,044 seized from Citibank Account #XXXXXXXXXX;
> $4,473.03 seized from Citibank account #XXXXXXXX;
> $12,000 currently restrained from Fidelity Investment Account #XXXXXXXXX;
> $24,791.16 held by J.M.
> $37,223.25 wired to PhRMA by A.P.

By virtue of the offense charged in Counts 1 of this Information, any and all interest that the

defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
> (b) has been transferred or sold to, or deposited with, a third party;
> (c) has been placed beyond the jurisdiction of the court;
> (d) has been substantially diminished in value; or
> (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**(Criminal Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) (incorporating Title 18, United States Code, Section 981(a)(1)(C)); Title 18, United States Code, Section 982(b)(1); and Fed. R. Crim. P. 32.2)**

JEFFREY A. TAYLOR
Attorney of the United States in
and for the District of Columbia

By: _____
SUSAN B. MENZER
Assistant U.S. Attorney