

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

FILED

JAN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

December 5, 2006

Marcia Campbell

Cr. 06-356

Let this be filed.
Royce C. Lamberth
U.S.D.J.  1/4/06

Dear Ms. Campbell:

This letter sets forth the full and complete plea offer to you. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or "USAO-DC"). This plea offer will expire on Tuesday, December 12, 2006. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

   1.   **Charges:** Ms. Campbell agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 18 U.S.C. Section 1343 (Wire Fraud). By pleading guilty pursuant to this plea agreement, Ms. Campbell hereby waives her right to trial by jury on any issues relevant to guilt or sentencing. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Campbell and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Campbell agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Campbell's actions and involvement in the criminal offense charged. It is anticipated that prior to or during the Rule 11 plea hearing, Ms. Campbell will adopt and sign the Statement of the Offense as a written proffer of evidence.

   2.   **Potential penalties, assessments, and restitution**: Ms. Campbell understands that the maximum sentence that can be imposed is 20 years imprisonment and a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 5 year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Campbell understands that the sentence to be imposed in this case will be determined in

accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines"). Ms. Campbell understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Campbell further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Campbell's right to appeal an unlawful sentence.

3.  **Federal Sentencing Guidelines**: The parties agree that the following Guideline Sections apply:

§2B1.1
                (a) Base Offense Level                              7
                (b) Specific Offense Characteristics
                        (1)(H) Loss more of more than $400,000     14
                    9(c) Sophisticated Means                        2

§ 3B1.3         Abuse of Position of Trust                         2

                TOTAL OFFENSE LEVEL                                25

Ms. Campbell agrees not to seek any decreases in her offense level. She further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. The government similarly agrees not to seek any upward departure for any reason under the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.  **Financial Arrangements**: Ms. Campbell agrees to pay restitution in the amount of $706,344.78. Ms. Campbell also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor). Prior to or at the time of the sentencing, Ms. Campbell will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013

5.  **Criminal Forfeiture:** Ms Campbell agrees to a money judgement of $552,652.44, which she agrees constitutes the balance of the amount of proceeds she derived from the wire fraud scheme. Ms. Campbell also agrees to forfeit all interests in any property that constitutes or is traceable to, derived from, fungible with, or a substitute for property that constitutes the

proceeds of her offense, including, but not limited to, the following specific property:

$11,555.31 seized from Washington Mutual Bank Account #8313261252
$1,583.22 seized from Bank of America Account #0019 2287 3958
$5,618.58 seized from Wachovia Bank Account #2000026571443
$46,403.79 seized from HSBC Bank USA Account #971162417
$10,044 seized from Citibank Account #3105565780
$4,473.03 seized from Citibank account #62731157
$12,000 currently restrained from Fidelity Investment Account #2BW527165
$24,791.16 held by J.M.
$37,223.25 wired to PhRMA by A.P.

6. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Campbell expressly warrants that she has discussed these rules with her counsel and understands them. Ms. Campbell voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Ms. Campbell understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

7. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Ms. Campbell's criminal activities. In addition, Ms. Campbell acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

The Government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8. **Government Concessions:** In exchange for her guilty plea, the Government agrees not to oppose: (1) Ms. Campbell's release pending sentencing with the same conditions previously imposed by Magistrate Judge Robinson; (2) a 3-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; and (3) Ms. Campbell's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Campbell continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer

3

(including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, the Government will not bring any additional criminal charges against Ms. Campbell in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the conduct outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Campbell does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the Government has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Campbell.

9.     **Court is not bound:** Ms. Campbell understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

9.     **Breach of Agreement:** Ms. Campbell agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the Government will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, the Government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Campbell's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct). Ms. Campbell, however, will not have the right to withdraw the guilty plea. Ms. Campbell shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and the Government will be free to use against Ms. Campbell, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

10.    **USAO's Criminal Division Bound:** Ms. Campbell understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Campbell.

11.    **Waiver of Appeal:** Ms. Campbell is aware that federal law, specifically 18

U.S.C. § 3742, affords her the right to appeal her sentence. Ms. Campbell is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on her and is not binding on the Judge. Ms. Campbell waives the right to appeal her sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Ms. Campbell to a period of imprisonment longer than the statutory maximum, (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2 or (c) the Court bases its sentence on any other illegal reason. Further, Ms. Campbell reserves her right to make a collateral attack upon her sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to her. In agreeing to this waiver, Ms. Campbell is aware that his sentence has not yet been determined by the Judge. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, Ms. Campbell knowingly and willingly waives her right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the USAO in this agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir.), petition for cert. filed (Jun. 27, 2002) (No. 02-5044).

12.    **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Campbell, Ms. Campbell's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Campbell may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Campbell and her counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
SUSAN B. MENZER
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Shanlon Wu, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: Dec 12, 2006

*MCampbell*
Marcia Campbell
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These six pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 12/12/06

*Shanlon Wu*
Shanlon Wu, Esquire
Attorney for the Defendant

6