UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-356 (RCL) |
| | : | |
| v. | : | |
| | : | |
| MARCIA CAMPBELL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TRAVEL**

The United States by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to defendant's Motion to Travel. In support of its opposition, the government submits the following:

1.  On December 13, 2006, pursuant to its duly executed plea agreement with defendant Marcia Campbell, the government filed an information in this case, charging one count of wire fraud, in violation of 18 U.S.C. Section 1343. Defendant agreed that the loss to her employer resulting from her embezzlement scheme totaled $706,344.78. As part of the agreement, defendant consented to forfeiture of all monies previously seized or surrendered to the government and a money judgement of $552,652.44.

2.  On January 4, 2007, defendant entered her guilty plea before the Honorable Court at which time she again acknowledged her agreement to repay the stolen funds. The Court scheduled sentencing for April 13, 2007 and ordered defendant to cooperate with the Probation Officer assigned to prepare the Pre-Sentence Investigation Report ("PSI").

3.  According to the PSI, defendant met with Probation Officer Linsey Epson and provided information relating to her assets. Defendant claimed that the equity in her residence was $127,000 and another piece of real property, presumably a condominium in Florida, was

only $21,600. Defendant listed two other pieces of property in Jamaica - one she claimed was jointly owned. This jointly owned property, however, was purchased with stolen funds and the co-owner, defendant's sister, contributed nothing to the purchase of the property and was unaware of her sister's criminal conduct.

4.  Defendant's counsel has represented to the government on several occasions that defendant has been attempting to sell her residence and the Florida properties. The proceeds she would remit to the government in partial payment of the monies owed to her former employer. Accordingly, the government agreed to an order of travel to Florida. See Court's Order, dated 2/6/07.

5.  Days before the scheduled sentencing hearing, defendant filed a motion to continue, claiming, in part, that she required additional time to sell these properties and "arrange for as much restitution as possible prior to being sentence." The government objected to any further delay. The Court nevertheless continued the sentencing hearing and signed an order permitting defendant to travel to Florida. See Court's Order, dated 4/3/07.

6.  Prior to sentencing, defendant failed to remit one penny to the government.[1]

7.  On May 4, 2007, the Court sentenced defendant to 41 month's incarceration and granted the Government's Motion for Final Order of Forfeiture. In anticipation of the forfeiture order, the government had suggested to defendant's counsel that she forfeit her interest in all her properties to the government. The government intended to sell these properties, remit any profits to the victim and credit defendant with those amounts. Since the U.S. properties were

---

[1] It appears, based upon the information provided to Officer Espon, that defendant sold her Land Rover. Moreover, defendant has failed to take any steps to liquidate her PhRMA retirement fund valued at $105,000.

encumbered, the government inquired how much the properties were worth. At the sentencing hearing, defendant's counsel assured the government that defendant's D.C. residence had significant equity value, but defendant anticipated losing money on the sale of the Florida condominium.

8. On May 7, 2007, the government wrote defendant's counsel a letter regarding the pending forfeiture issues. In addition to the U.S. properties, the government stated that it assumed defendant had "undertaken to sell the properties in Jamaica." See Exhibit 1. The government also notified defendant's counsel that defendant had a Jamaican bank account, which she failed to disclose to Probation Office Epson. The government asked defendant's counsel for an explanation. The government reiterated, as she had on numerous occasions, that she was "quite concerned that [defendant] has not revealed how she disposed of the funds she stole from PhRMA." Id.; see also Government's Sentencing Memorandum at 5 ("It remains unknown how she spent the remaining $492,685 of the diverted funds that have not been accounted for.").[2]

9. In the instant motion, defendant appears to acknowledge that: (a) she made a $8,000 deposit into a bank account in Jamaica during the prosecution period and (b) she failed to disclose to Probation Officer Epson the existence of this account.

10. Defendant has failed to explain why her physical presence is necessary to withdraw funds out of a bank account or to sell a piece of property. There is no reason why she can not, at the very least, execute a power of attorney in Washington, D.C. in favor of another person who can carry these activities out on her behalf.

---

[2]Contrary to defendant's motion, the government did not ask defendant to "remit" those funds. The government believes that more than $8,000 remains in that account since defendant has refused to account for the missing funds.

11.	Even absent defendant's consent, the government can move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, to amend the existing forfeiture order to substitute property to satisfy the existing forfeiture order. The government submits that it makes more sense for the government to so move than for defendant to leave the country.

WHEREFORE, the government respectfully requests the Court to deny defendant's Motion to Travel.

                          Respectfully Submitted,

_____JEFFREY A. TAYLOR
                          UNITED STATES ATTORNEY
                          D.C. Bar Number 498610


_____
SUSAN B. MENZER
Assistant United States Attorney
D.C. Bar Number 421007
United States Attorneys Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-6968

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 06-356 (RCL) |
| | : | |
| **v.** | : | |
| | : | |
| **MARCIA CAMPBELL,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Upon consideration of defendant's Motion To Travel and the government's opposition,

It is this _____ day of May, 2007, hereby ordered that defendant's Motion to Travel is **DENIED**.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

# GOVERNMENT EXHIBIT 1



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 7, 2007

Shanlon Wu, Esquire
Wheat & Wu, PLLC
1050 17th Street, N.W. Suite 600
Washington, D.C. 20036

    Re:    United States v. Marcia Campbell

Dear Shan:

    Please find enclosed the blueprints I believe Ms. Campbell requested. When you have the opportunity, please call me or Diane Lucas at 514-7912 to discuss the forfeiture issues relating to this case. In addition to the properties located in the United States, I assume your client has undertaken to sell the properties in Jamaica. If there are any funds located outside the United States, your client should also repatriate those assets to satisfy the outstanding money judgment.

    It appears that during the prosecution period, Ms. Campbell deposited funds into a bank account in Jamaica. See Attached Exhibit. It does not appear that Ms. Campbell notified the Probation Officer who prepared the Presentence Sentence Investigation Report that she had any assets in bank accounts in Jamaica. We would greatly appreciate it if you would discuss this matter with your client. As you know, I am quite concerned that your client has not revealed how she disposed of the funds she stole from PhRMA. The government intends to pursue all available avenues, including deposing your client, to satisfy the money judgment and order of forfeiture. It would be in your client's interest to cooperate fully.

    I look forward to hearing from you.

Sincerely,

*[signature]*
Susan B. Menzer

