IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-356 (RCL) |
| | : | |
| MARCIA CAMPBELL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR AN ORDER UNDER
21 U.S.C. § 853(m) AND FED. R. CRIM. P. 32.2(b)(3)
<u>AUTHORIZING DEPOSITION INTERROGATORIES
AND PRODUCTION OF DOCUMENTS</u>**

The United States of America, by and through its attorneys, hereby applies pursuant to Rule 32.2(b)(3), Federal Rules of Criminal Procedure, for an order authorizing it to conduct discovery for the purpose of identifying and locating assets forfeitable to the United States, property traceable to such assets, or assets of the defendant that may be substituted up to the value of the forfeited assets. In particular, the United States seeks to take the deposition of Marcia Campbell pursuant to 21 U.S.C. § 853(m), and to serve interrogatories and a request for the production of documents on Marcia Campbell pursuant to Rules 33, 34 and 45 of the Federal Rules of Civil Procedure. In furtherance of its motion, the United States sets forth the following:

l. On January 4, 2007, Marcia Campbell entered a plea of guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. As part of the plea agreement, Marcia Campbell agreed to pay restitution in the amount of $706,344.78 and "provide full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit . . ." *See* Plea Agreement at ¶ 4. Also on January 4, 2007, the Court entered a preliminary Consent Order of Forfeiture pursuant to the provisions of 21 U.S.C. § 853 and Marcia Campbell's consent to forfeit her

interests in certain personal property that had been seized by the United States amounting to $115,615.80 and an additional $552,652.44 pursuant to 18 U.S.C. § 2461(c)(incorporating 18 U.S.C. § 981(a)(1)(C).

    2. On May 4, 2007, the Court sentenced Marcia Campbell to a term of imprisonment of 41 months and a term of supervised release of 3 years. In addition, the Court entered a Final Order of Forfeiture as to certain personal property valued at $115,615.80 and a money judgement against Marcia Campbell in the amount of $552,652.44.

    3. Rule 32.2(b)(3), Federal Rules of Criminal Procedure, authorizes the Government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); 28 U.S.C. §2461(c) (making Section 853 applicable to all criminal forfeiture cases); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (the Government can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by the defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

    4. The Final Order of Forfeiture includes a money judgment against the defendant for a sum of money equal to the value of the proceeds the defendant derived from the offense for which she has been convicted, less the dollar value of defendant's assets which have already been

seized by the United States and specifically listed as forfeited to the United States in the Final Order of Forfeiture. The defendant bears the burden of satisfying this forfeiture judgment regardless of what she has done with the original funds she obtained from her criminal activity. *See* Fed. R. Crim. P. 32.2(b)(2) (forfeiture order may consist of money judgment); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the money laundering offense); *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) (remanding case to the district court to enter money judgment for the amount derived from a RICO offense); *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp.2d 240 (E.D. Va. 2001) (same, following *Candelaria-Silva*); *United States v. Numisgroup Intl. Corp*, 169 F. Supp.2d 133 (E.D.N.Y. 2001) (money judgment entered under 18 U.S.C. § 982(a)(8) may be based on the value of the gross proceeds derived from the offense, and the value of the property used to facilitate or promote it).

     5. If the defendant has transferred or disposed of the forfeited assets or otherwise placed the forfeited assets beyond this jurisdiction, the court may order that the money judgment be satisfied by the forfeiture of substitute assets up to the value of the forfeited assets. *See* Fed. R. Crim. P. 32.2(e); 21 U.S.C. § 853(p); *Candelaria-Silva*, *supra* (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); *Baker*, *supra* (same); *Numisgroup Intl. Corp*, *supra* (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); *United States v.*

*Harrison*, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of preliminary order of forfeiture gives Government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets; Rule 32.2(e)); *Davis*, *supra* (if property cannot be forfeited as directly traceable to the offense, it could be forfeited as a substitute asset and used to satisfy the money judgment).

      6. The defendant agreed as part of the plea agreement to "provide a full accounting of her assets, real or tangible, held by her or in any other name for her benefit . . ." *See* Plea Agreement ¶4. The government expects, through the deposition of Marcia Campbell, and the review of the requested documents to identify and locate proceeds of Marcia Campbell's scheme to defraud. The government will also attempt through the deposition and review of documents to identify and locate alternative assets of the defendant that can be substituted in satisfaction of the forfeiture in this case. The United States has been unable to identify and locate approximately four hundred and sixty thousand dollars of proceeds from Marcia Campbell's scheme to defraud. The government has reason to believe that Marcia Campbell may have additional assets such as bank accounts or investments that the defendant has not disclosed to the government, including assets from the possible sale of real estate the defendant owned in Florida.

      WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court grant its motion to depose the Marcia Campbell, and to issues interrogatories and requests for the production of records to Marcia Campbell.

      Respectfully submitted,

      /s/ _____
      JEFFERY A. TAYLOR, D.C. Bar #498610
      United States Attorney

        _/s/_____
        WILLIAM R. COWDEN, D.C. Bar #426301
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, DC 20530

        _/s/_____
        DIANE G. LUCAS, D.C. Bar #443610
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, DC 20530
        (202) 514-7912

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this ___day of June, 2007, a copy of the foregoing Motion For An Order Under 21 U.S.C. § 853(m) and Fed. R. Crim. P. 32.2(b)(3) Authorizing Depositions and Production of Documents has been served by means of the Court's ECF system to claimant's counsel at:

Shanlon Wu, Esq.
1050 17th Street, NW
Suite 600
Washington, D.C. 20036
(202) 660-6973

        _/s/_____
        DIANE G. LUCAS, D.C. Bar #443610
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W.
        Washington, DC 20530
        (202) 514-7912

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-356 (RCL) |
| ) | |
| MARCIA CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

NOW, on this _____ day of _____, 2007, this matter having come before the Court upon the Government's Motion for an Order Authorizing Depositions, Interrogatories and Production of Documents, and for the reasons stated herein, pursuant to 21 U.S.C. § 853(m) and Fed.R.Crim.P. 32.2(b)(3), it is hereby

ORDERED that the United States may issue a notice of deposition, interrogatories and request for production of documents to Marcia Campbell.

The witness shall appear at the time and place designated on the notice of deposition and shall be deposed before a court reporter authorized to administer oaths. Subject to continuances or adjournment from time to time, the witness shall remain until the deposition has been completed.

It is FURTHER ORDERED that the witness shall respond to the interrogatories propounded and produce any and all designated books, papers, documents, and other material not privileged, including any and all documents that pertain to any and all assets of the defendant,

Marcia Campbell, whether held in the defendant's name or in the name of any person of whom the witness is aware.

Dated this ____ day of _____ 2007.

                                                          _____
                                                          ROYCE C. LAMBERTH
                                                          UNITED STATES DISTRICT JUDGE