IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-356 (RCL) |
| ) | |
| MARCIA CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

GOVERNMENT'S MOTION FOR FORFEITURE OF SUBSTITUTE ASSETS

  The United States of America, by and through its attorneys, hereby moves pursuant to Rule 32.2(e), Federal Rules of Criminal Procedure, and 18 U.S.C. § 982(b)(incorporating 21 U.S.C. § 853(p))  for an order of forfeiture of property owned by the defendant as substitute assets.  In furtherance of its motion, the United States sets forth the following:

  1.  On January 4, 2007, defendant, MARCIA CAMPBELL, pled guilty to wire fraud, in violation of 18 U.S.C. § 1343.  On that same date, this Court entered a preliminary Consent Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, wherein certain of defendant's personal property previously seized by the United States (total value of $115, 615.80) and a money judgement of an additional $552,652.44 were ordered forfeited as proceeds of the defendant's fraud scheme.  On May 4,2007, as part of defendant's sentence, this Court entered a Final Order of Forfeiture, forfeiting the above property and funds.  *See* attached Appendix A.

  2.  Pursuant to Title 21, United States Code, Section 853(p), the United States may seek criminal forfeiture of any property of a defendant as a substitute asset to property forfeited pursuant to Title 18, United States Code, Section 981(a)(1)(C) (incorporating Title 28, United

States Code, Section 2461(c)), when as a result of any act or omission of the defendant, the property described for forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to or deposited with third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value;

    e.    has been commingled with other property which cannot be divided without difficulty.

3. To date, the United States has been unable to locate or identify approximately $462,000 that the defendant secured as proceeds of her fraud scheme. *See* affidavit of FBI Special Agent Debra LaPrevotte, attached as Appendix B. Special Agent LaPrevotte states that such proceeds have likely been transferred, sold or deposited with a third party, or have been placed beyond the jurisdiction of the court, or are concealed in some manner unknown to law enforcement personnel.

4. Special Agent LaPrevotte located certain properties in which the defendant appears to have a financial interest, but was not able to trace proceeds of the defendant's fraud scheme to the defendant's acquisition of these properties.[1] Specifically, according to the District of Columbia land records, on or about July 23, 2003, the defendant purchased the real property and premises known as 1308 Clifton St, NW, Unit #218, Washington, DC, 20009. Similarly, land records in Broward County Florida reflect that on or about May 20, 1991, the defendant

---

[1] Special Agent LaPrevotte was able, however, to trace proceeds from the defendant's fraud scheme to a bank account in which funds from that bank account were used to pay some mortgage payments on 1308 Clifton St, NW, Unit #218, Washington, DC.

purchased the real property and premises known as 9613 NW 76th CT, Unit #502, Tamarac, Florida.[2]

    5. Through Section 853(p), this Court has the authority to order the forfeiture of any substitute assets of the defendant until the sum of forfeitures equals the money judgment of $552,652.44 owed to the United States.

    6. The United States respectfully requests that the Court order that the additional property of MARCIA CAMPBELL that the United States has located, specifically:

    1308 Clifton St, NW, Unit #218, Washington, DC, 20009, and

    9613 NW 76th CT, Unit #502, Tamarac, Florida

be forfeited to the United States and thereafter sold to satisfy the judgment owed to the United States until the sum of all the forfeited property equals the amount of $552,652.44, net value as a substitute for a portion of the money judgment previously ordered forfeited on May 4, 2007.

    7. In the event that the United States realizes from the sale of these properties a net amount that exceeds the total of $552,652.44 previously ordered forfeited, the proposed order provides that all such excess will be returned to the defendant.

    8. The United States does not seek to *seize* any of the real properties at this time in order to allow for any third party petitions under the provisions of 21 U.S.C. 853(n), and will do so only upon an order of the Court to that effect that may be entered in the future. Nevertheless, pending entry of such an order upon resolution of other claims (if any) to the real properties, the

---

[2] There is reason to believe that the defendant may have recently sold this property on April 30, 2007 for under market value to an acquaintance. Given the nature of the alleged "sale" the United States seeks to forfeit the defendant's interest in the property and any third party asserting an interest could file a petition in an ancillary proceeding.

United States seeks to ensure that the real properties are preserved in the state that they presently are in. In order to verify that the properties are being maintained, the United States seeks a writ of entry authorizing the United States to enter the property, inspect it, and record its condition on videotape. In that manner, the United States will be able to compare the condition of the property at all stages of the proceeding to the videotape and ensure that the property is being maintained.

WHEREFORE, the United States respectfully requests that this Court grant the United States' Motion for Forfeiture of Substitute Assets and for an Order and Writ of Entry.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR
United States Attorney


_/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney


_/s/_____
DIANE G. LUCAS, DC Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-356 (RCL) |
| | ) | |
| MARCIA CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION**

DEBRA L. LaPREVOTTE, being duly sworn, deposes and states as follows:

**INTRODUCTION**

1. I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed for eleven (11) years. Currently, I am assigned to the Asset Forfeiture/Money Laundering Squad in the FBI's Washington, D.C., Field Division (Northern Virginia Resident Agency). My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal money laundering statutes, Title 18, United States Code, Sections 1956 and 1957, as well as violations of Title 18, United States Code, Sections 1341, mail fraud, 1343, wire fraud, 1344, bank fraud, and 1347, health care fraud. I have received extensive training in Advanced Money Laundering Techniques and Complex Financial Manipulation.

2. On January 4, 2007, defendant, MARCIA CAMPBELL, pled guilty to wire fraud, in violation of 18 U.S.C § 1343. The investigation revealed that CAMPBELL developed a scheme to defraud her employer, PhRMA, by wire fraud and that during the scheme she stole at least $706,000.00. CAMPBELL placed some of the proceeds of her scheme into various bank

accounts and used other proceeds of the fraud scheme to purchase properties located outside of the United States. To date, the United States has been unable to locate all of the proceeds of CAMPBELL's fraud scheme.

     3. Pursuant to her plea agreement, CAMPBELL agreed to forfeit $552,652.44, which represents illegal proceeds she received from her fraud scheme, and $115,615.80 in assets which were previously seized from CAMPBELL's bank accounts and investment accounts by the United States. Since October, 2006, I have conducted an extensive review of bank accounts, tax returns and financial documents associated with CAMPBELL. I have searched for the proceeds CAMPBELL received from her fraud. After accounting for the $115,615.80 of assets seized thus far, and accounting for properties CAMPBELL purchased in Jamaica, to date, I have not been able to account for approximately $462,000.

     4. Based on my experience and training, I believe that, despite the exercise of due diligence, I cannot locate approximately $462,000 funds received from CAMPBELL's fraud because, as a result of acts or omissions of the defendant, it has been transferred to, or deposited with a third party; placed beyond the jurisdiction of the court; substantially diminished in value (possibly by spending it); or commingled with other property which cannot be divided without difficulty.

     5. As of December 23, 2004, and in the course of my investigation, I have located certain properties in which CAMPBELL appears to have a financial interest, notwithstanding my inability to trace her acquisition of any of these properties to monies received from the fraud scheme. Some fraud proceeds were traced to a bank account that was used to pay a few monthly mortgage payments on a property located at 1308 Clifton St, NW, Unit #218, Washington, DC

and approximately $20,000 of fraud proceeds were used to make renovations to a property located at 9613 NW 76th CT, Unit #502, Tamarac, Florida.  According to District of Columbia land records, the defendant purchased the real property and premises known as 1308 Clifton St, NW, Unit #218, Washington, DC, 20009, on or about September 4, 2003.  Similarly, land records in Broward County Florida reflect that the defendant purchased the real property and premises known as 9613 NW 76th CT, Unit #502, Tamarac, Florida, on or about May 20, 1991.  I have recently learned that on April 20, 2007, Marcia Campbell allegedly "sold" 9613 NW 76th Ct, Unit #502, Tamarac, Florida for approximately $46,000.  According to records, the current tax assessed value of the property is $125,000.   These properties are more particularly described as follows:

    a.    The real property and premises located at 1308 Clifton St, NW, Unit #218, Washington, DC, 20009, on or about September 4, 2003.

    Unit numbered two hundred and eighteen (218) and reserved limited common elements parking space numbered forty-five (45) in condominium project known as Wardman Court Condominium, A condominium regime constituted and established under Condominium Act of 1976 of the District of Columbia, as amended by declaration of Wardman Court Condominium dated March 26, 2003 and recorded May 29, 2003 as instrument No 2003066379 among the land records of the District of Columbia, bylaws of Warman Court Condominium dated March 26, 2003, and recorded May 29, 2003 as instrument no 2003066387 among the aforesaid land records and by plat recorded in condominium book no 47 at page 33, sheets 1 through 24, in the Office of the Survey of the District of Columbia.

    Together with an undivided interest in the general common elements of such condominium project.

    Together with any and all interest in the limited common elements appertaining to said unit as described in said declaration of condominium.

    Being that parcel of land conveyed to Marcial O. Campbell, as solo owner

        from Wardman Court, L.P. by the deed dated 7/23/2003 and recorded 9/4/2003 in Deed Instrument Number 2003113074 of the District of Columbia DC Public Registry.

        At the date hereof, said property being known for assessment and taxation purposes as Square 2868 lot 2032.

    b.    The real property and premises located at 9613 NW 76th CT, Unit #502, Tamarac, Florida, and is more particularly described as:

        Lot 17, Block 1, Springlake II,

11. Based on my review of the land records associated with the two properties listed above, I believe that these assets are subject to forfeiture as "substitute" assets for the $552,652.44 in funds agreed to be forfeited as a money judgment by CAMPBELL.

12. The estimated value net of CAMPBELL's interests in 1308 Clifton St, NW, Unit #218, Washington, DC is approximately $60,000.00 and approximately $50,000.00 in 9613 NW 76th Ct, Unit #502, Tamarac, Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of June, 2007

                                        _____
                                        Debra L. LaPrevotte
                                        Special Agent
                                        Federal Bureau of Investigation

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-356 (RCL) |
| ) | |
| MARCIA CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS

WHEREAS, by Final Consent Order of January 4, 2007, this Court ordered the forfeiture of $552,652.44, representing proceeds of defendant's violations of conviction, in addition the forfeiture of $115,615.80 seized from defendant's bank accounts and investment accounts.

WHEREAS, a portion of the $552,652.44 ordered forfeited by the Order of May 4, 2007, cannot be located upon the exercise of due diligence by the United States because, as a result of any act or omission of defendant, it has been transferred or sold to, or deposited with a third party, placed beyond the jurisdiction of the court, substantially diminished in value; or commingled with other property which cannot be divided without difficulty;

WHEREAS, the United States has located additional property in which defendant has an interest that may be forfeited as substitute property;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1. The following property is forfeited to the United States pursuant to 21 U.S.C. 853(p):

        a.    The real property and premises located at 1308 Clifton St, NW, Unit #218, Washington, DC, 20009

        b.    The real property and premises located at 9613 NW 76th CT, Unit

    #502Tamarac, FL, Broward County

  2. The Attorney General, the Secretary of the Treasury, or the Secretary of Homeland Security is authorized to seize the property.  Notwithstanding the previous sentence, the United States shall not seize and sell the real properties and premises forfeited in this Order until all timely filed third party petitions under the provisions of 21 U.S.C. 853(n) have been ruled upon.  Instead, until such time as those petitions are ruled upon, the United States may execute a writ of entry to inspect the properties, pursuant to 21 U.S.C. 853(g), and thereby take a videotape or make photographs of the properties to preserve a record of condition of the properties before their seizure as a means to protect the interests of the United States in the event it perfects its title to the properties.

  3. The United States shall publish notice of this order and of its intent to dispose of the properties one time in such manner as the Attorney General may direct.  The United States shall also, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property.  In addition, the United States shall post a Notice of Criminal Forfeiture upon the real properties with a copy of this Order of Forfeiture.

  4. Any person, other than the defendant, asserting any legal interest in the properties may, within thirty days of the final publication of notice or his receipt of notice, whichever is earlier, petition the Court pursuant to 21 U.S.C. § 853(n) for a hearing to adjudicate the validity of his alleged interest in the property.

  5. Following the Court's disposition of all petitions filed, or if no such petitions are filed within the time prescribed by law, upon proof of publication and proof of notice to any persons known to have alleged an interest in the properties, the United States shall have clear

title to the properties and may warrant good title to any subsequent purchaser or transferee.

6. In the event that the net proceeds realized by the United States upon the disposition of the items listed in this Order exceeds the sum of $552,652.44 ordered forfeited in the Order of Forfeiture filed on May 4, 2007, then the United States shall remit such excess to the defendant.

Dated this _____ day of _____ 2007.


_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE


I ASK FOR THIS:


_____
Diane Lucas
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-356 (RCL) |
| | ) | |
| MARCIA CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

WRIT OF ENTRY

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT in accordance with 21 U.S.C. 853(g), the United States Marshals Service is authorized to:

1. Enter the real property and premises located at1308 Clifton St, NW, Unit #218, Washington, DC, 20009 and the real property located at 9613 NW 76th CT, Unit #502, Tamarac, FL 33321, Broward Co, FL Florida., Lot 17, Block 1, Springlake II, including any structures on such properties, on one or more occasions during the pendency of forfeiture proceedings over timely filed third party petitions, for the purpose of conducting an inspection and inventory and appraisal of the property;

2. Be accompanied on any such occasion by any appraiser(s) selected by it for the purpose of appraising the condition and value of the property pursuant, which appraisal may include, among other means, still and video photography;

3. Be accompanied on any such occasion by any government and contract personnel selected by it for the purpose of conducting an inspection and inventory of the property, which inspection and inventory may include, among other means, still and video photography;

4. Be accompanied on any such occasion by any federal, state, and local law

enforcement officers selected by it to ensure the safety of personnel acting under this Writ of Entry.

Any interference with anyone acting under the authority of this Writ of Entry shall be deemed a violation of a Court order and may be punished as a contempt.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

I ASK FOR THIS:

_____
Diane Lucas
Assistant United States Attorney