IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                               ) | Criminal No. 06-356 (RCL) |
| ) | |
| MARCIA CAMPBELL,                      ) | |
| ) | |
| Defendant.                           ) | |

FILED
FEB 0 6 2008
Clerk, U.S. District and
Bankruptcy Courts

ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS

WHEREAS, by Final Consent Order of ~~January 4~~ May 4, 2007, this Court ordered the forfeiture of $552,652.44, representing proceeds of defendant's violations of conviction, in addition the forfeiture of $115,615.80 seized from defendant's bank accounts and investment accounts.

WHEREAS, a portion of the $552,652.44 ordered forfeited by the Order of May 4, 2007, cannot be located upon the exercise of due diligence by the United States because, as a result of any act or omission of defendant, it has been transferred or sold to, or deposited with a third party, placed beyond the jurisdiction of the court, substantially diminished in value; or commingled with other property which cannot be divided without difficulty;

WHEREAS, the United States has located additional property in which defendant has an interest that may be forfeited as substitute property;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1. The following property is forfeited to the United States pursuant to 21 U.S.C. 853(p):

        a. The real property and premises located at 1308 Clifton St, NW, Unit #218, Washington, DC, 20009

        b. The real property and premises located at 9613 NW 76th CT, Unit

#502 Tamarac, FL, Broward County

2. The Attorney General, the Secretary of the Treasury, or the Secretary of Homeland Security is authorized to seize the property. Notwithstanding the previous sentence, the United States shall not seize and sell the real properties and premises forfeited in this Order until all timely filed third party petitions under the provisions of 21 U.S.C. 853(n) have been ruled upon. Instead, until such time as those petitions are ruled upon, the United States may execute a writ of entry to inspect the properties, pursuant to 21 U.S.C. 853(g), and thereby take a videotape or make photographs of the properties to preserve a record of condition of the properties before their seizure as a means to protect the interests of the United States in the event it perfects its title to the properties.

3. The United States shall publish notice of this order and of its intent to dispose of the properties one time in such manner as the Attorney General may direct. The United States shall also, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property. In addition, the United States shall post a Notice of Criminal Forfeiture upon the real properties with a copy of this Order of Forfeiture.

4. Any person, other than the defendant, asserting any legal interest in the properties may, within thirty days of the final publication of notice or his receipt of notice, whichever is earlier, petition the Court pursuant to 21 U.S.C. § 853(n) for a hearing to adjudicate the validity of his alleged interest in the property.

5. Following the Court's disposition of all petitions filed, or if no such petitions are filed within the time prescribed by law, upon proof of publication and proof of notice to any persons known to have alleged an interest in the properties, the United States shall have clear

title to the properties and may warrant good title to any subsequent purchaser or transferee.

6.      In the event that the net proceeds realized by the United States upon the disposition of the items listed in this Order exceeds the sum of $552,652.44 ordered forfeited in the Order of Forfeiture filed on May 4, 2007, then the United States shall remit such excess to the defendant.

Dated this _____ day of _____ 2008

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

I ASK FOR THIS:

_____
Diane Lucas
Assistant United States Attorney