IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-356 (RCL) |
| | ) | |
| MARCIA CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO VACATE**
**WRIT OF ENTRY AND MOTION TO MODIFY DISCOVERY ORDER**

The United States of America, by and through its attorneys, hereby moves the Court, pursuant to 21 U.S.C. § 853(p), to vacate the February 6, 2008 Writ of Entry. See Document No. 40.[1] The United States also moves, pursuant to 21 U.S.C. § 853(m), to modify the Discovery Order. See Document No. 37. In furtherance of its motions, the United States sets forth the following:

1. On January 4, 2007, defendant, MARCIA CAMPBELL, pled guilty to wire fraud, in violation of 18 U.S.C. § 1343. On that same date, this Court entered a preliminary Consent Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, wherein certain of defendant's personal property previously seized by the United States (total value of $115,615.80) and a money judgment of an additional $552,652.44 were ordered forfeited as proceeds of the defendant's fraud scheme. On May 4, 2007, as part of defendant's sentence, this Court entered a Final Order of Forfeiture to that effect. See Document No. 28.

2. Seeking to satisfy, in part, the money judgment, on June 15, 2007, the United States

---

[1] "Document No." refers to the docket number assigned to the electronically-filed documents in the instant matter.

filed a motion for forfeiture of substitute assets.  See Document No. 32.  In said motion, the United States moved to forfeit two real properties that it believed the defendant owned, namely: 1308 Clifton Street NW, Suite 218, Washington, D.C. ("District of Columbia property"), and 9613 NW 76th Court, Unit 502, Tamarac, Florida ("Florida property").  In its motion, the United States notified the Court that it believed the defendant had already transferred the Florida property to an acquaintance for below market value.  See Document No. 32 at n. 2.

3. On June 15, 2007, the United States also filed a motion for discovery pursuant to 21 U.S.C. § 832(m) and Fed. R. Crim. P. 32.2(b)(3) requesting that it be allowed to depose the defendant, and have her answer interrogatories and requests for production of documents.  See Document No. 31.

4. On June 29, 2007, the defendant filed an opposition to the motion for forfeiture of substitute assets and motion for discovery.  In that opposition, the defendant admitted she had an interest in both properties, and stated that she "has already agreed to sell these properties and use [to] money toward restitution."  See Document No. 34 at ¶¶ 1 and 3.

5. Recently, the undersigned counsel learned that on July 26, 2007, after the motion for forfeiture of substitute assets was filed and served on defendant (through her counsel), the defendant sold the District of Columbia property for $439,000.  See Exhibit A (Deed).  The United States has reason to believe that upon closing, after a mortgage lien was paid, the defendant received over $200,000 for the sale of the District of Columbia property.  The United States does not know the whereabouts of those assets, nor does it know the whereabouts of the proceeds of the sale of the Florida property.

6. The United States checked with the Clerk of the United States District Court for the

District of Columbia and learned that the defendant has not made any payment towards restitution or the $552,652.44 money judgment.

7. On February 6, 2008, the Court granted the United States' motions and ordered the above listed properties forfeited as substitute assets, and ordered a writ of entry. See Document Nos. 39 and 40. The Court also ordered that the defendant be deposed and answer interrogatories and requests for production of documents. See Document No. 37.

8. The United States moves to vacate the Writ of Entry because the defendant has transferred or sold the two properties to third parties.

9. The United States further moves pursuant to 21 U.S.C. § 853(m) to modify the February 6, 2008 discovery order to allow the United States to depose additional persons and require the production of documents from those persons connected with the 2007 sales of the above listed properties, including, but not limited to, the buyers of the properties, the realty and settlement companies and their representatives, representatives of any lien holders of the properties, and Ana Curtis, power of attorney for the defendant.[2] Additional discovery is necessary in order for the United States to locate the proceeds of the sale of the two properties, if any, and to determine whether the purchasers of the properties were "bona fide purchaser(s) for value" pursuant to 21 U.S.C. § 853(n).

10. The United States will serve the February 6, 2008 Order forfeiting substitute assets on the recorded owners of the above two properties. The United States will stay any execution of

---

[2] As the Court is aware, discovery from the defendant is still necessary because the United States has been unable to locate or identify approximately $462,000 that the defendant secured as proceeds of her fraud scheme. See Document No. 32, Appendix B.

the forfeiture order until it has had the opportunity to explore through discovery whether the owners are "bona fide purchasers of value," and the whereabouts of any proceeds from the sales of the properties.

11.  Through 21 U.S.C. § 853(p), this Court has the authority to order the forfeiture of any substitute assets of the defendant until the sum of forfeitures equals the money judgment of $552,652.44 owed to the United States.  If the United States learns that the owners of the two properties are "bona fide purchasers for value," and can locate any proceeds from the sale of these properties, the United States will move to modify the February 6, 2008 Order forfeiting substitute assets at that time.

WHEREFORE, the United States respectfully requests that this Court grant the United States' Motion to Vacate Writ of Entry and Motion to Modify the Court's Discovery Order.

Respectfully submitted,

_/s/ _____
JEFFREY A. TAYLOR
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney

_/s/_____
DIANE G. LUCAS, DC Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

▸File No. **07-0113**
DEED-SHORT FORM D.C.

**This Deed**, made this **26th day of July, 2007**, by and between **Marcia O. Campbell, as sole owner, by Ana Curtis, her attorney in fact, pursuant to a Power of Attorney recorded prior hereto**, party of the first part, **and Jason Brewer, an unmarried person, as sole owner**, party of the second part.

WITNESSETH, that in consideration of the sum of **FOUR HUNDRED AND THIRTY NINE THOUSAND AND 00/100 Dollars ($439,000.00)**, the party of the first part does hereby grant unto the party of the second part, in fee simple, all that piece or parcel of land, together with the improvements, rights, privileges and appurtenances to the same belonging, situate in the District of Columbia, described as follows, to wit:

Unit numbered Two Hundred Eighteen (218) and reserved limited common elements parking space numbered Forty-five (45) in the condominium project known as "WARDMAN COURT CONDOMINIUM", a condominium regime constituted and established under the Condominium Act of 1976 of the District of Columbia as amended by Declaration of Wardman Court Condominium dated March 26, 2003 and recorded May7 29, 2003 as Instrument No. 2003066379 among the land records of the District of Columbia, By-Laws of Wardman Court Condominium dated March 26, 2003 and recorded May 29, 2003 as Instrument No. 2003066387 among the aforesaid land records and by Plat recorded in Condominium Book No. 47 at Page 33, Sheets 1 through 24, in the Office of the Surveyor of the District of Columbia.

Together with an undivided interest in the general common elements of such condominium plat.

Together with any and all interest in the limited common elements appertaining to said unit as described in said Declaration of Condominium.

NOTE: At the date hereof the above land is designated on the Records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 2032, in Square 2868.

This Deed is delivered and accepted subject to the provision of the Condominium Act of 1976 of the District of Columbia as amended to the provisions of the aforesaid Declaration of Condominium and by the By-Laws relating thereto, including, but not limited to, the payment and lien of assessments for the maintenance, repair, replacement and other costs of operation of said condominium project.

BEING the Fee Simple property which, by Deed dated July 23, 2003, and recorded among the Land Records of the District of Columbia, in Instrument #113074, was granted and conveyed by Wardman Court, L.P., a District of Columbia limited partnership unto Marcia O. Campbell, as sole owner.

More Commonly Known as: 1308 Clifton Street NW #218, Washington, DC 20009
TITLE INSURER: The Talon Group
SURVEY NOT REQUESTED/REQUIRED



AND the said party of the first part covenants that she will warrant specially the property hereby conveyed; and that she will execute such further assurances of said land as may be requisite.

WITNESS the hand and seal the day and year first hereinbefore written.

IN PRESENCE OF:

_____   *Marcia O. Campbell* _____{SEAL}
Marcia O. Campbell

By: *Ana Curtis her attorney in fact* {SEAL}
Ana Curtis, attorney in fact

STATE OF MARYLAND, COUNTY OF MONTGOMERY, SS:

I, *Barry Desroches*, a Notary Public, in and for the jurisdiction aforesaid, do hereby certify that **Marcia O. Campbell, as sole owner, by Ana Curtis, attorney in fact, pursuant to a Power of Attorney recorded prior hereto,** who is personally well known to me as the grantor in, and the person who executed the aforegoing and annexed deed, bearing the date of **July 26, 2007**, personally appeared before me in the said State and County and acknowledged the said deed to be her act and deed as attorney in fact.

Given under my hand and seal this __26th__ day of **July, 2007**.



_____
Notary Public

BARRY DESROCHES
Notary Public, State of Maryland
County of Anne Arundel
My Commission Expires July 1, 2011

My Commission Expires: _____

AFTER RECORDING MAIL TO:
Vintage Settlement Services, L.L.C.
555 Quince Orchard Road
Suite 560
Gaithersburg MD 20878

GRANTEE'S ADDRESS:
1308 Clifton Street NW #218
Washington, DC 20012

```
Doc# 2007101710 Fees:$12767.48
08/02/2007   12:48PM Pages 2
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS LARRY TODD
```

| | |
|---|---|
| RECORDING SURCHARGE | $ 20.00 |
| RECORDATION TAX FEE | $ 6.50 |
| | $ 6,365.49 |
| TRANSFER TAX FEE | $ 6,365.49 |

*Marquis Ellis*

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY

*Larry A. Todd*

Recorder of Deeds, D.C.

01-04-08

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 06-356 (RCL) |
| | ) | |
| MARCIA CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO VACATE
WRIT OF ENTRY AND MOTION TO MODIFY DISCOVERY ORDER**

The United States of America, by and through its attorneys, hereby moves the Court, pursuant to 21 U.S.C. § 853(p), to vacate the February 6, 2008 Writ of Entry. See Document No. 40.[1] The United States also moves, pursuant to 21 U.S.C. § 853(m), to modify the Discovery Order. See Document No. 37. In furtherance of its motions, the United States sets forth the following:

1. On January 4, 2007, defendant, MARCIA CAMPBELL, pled guilty to wire fraud, in violation of 18 U.S.C. § 1343. On that same date, this Court entered a preliminary Consent Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, wherein certain of defendant's personal property previously seized by the United States (total value of $115,615.80) and a money judgment of an additional $552,652.44 were ordered forfeited as proceeds of the defendant's fraud scheme. On May 4, 2007, as part of defendant's sentence, this Court entered a Final Order of Forfeiture to that effect. See Document No. 28.

2. Seeking to satisfy, in part, the money judgment, on June 15, 2007, the United States

---

[1] "Document No." refers to the docket number assigned to the electronically-filed documents in the instant matter.

filed a motion for forfeiture of substitute assets. See Document No. 32. In said motion, the United States moved to forfeit two real properties that it believed the defendant owned, namely: 1308 Clifton Street NW, Suite 218, Washington, D.C. ("District of Columbia property"), and 9613 NW 76th Court, Unit 502, Tamarac, Florida ("Florida property"). In its motion, the United States notified the Court that it believed the defendant had already transferred the Florida property to an acquaintance for below market value. See Document No. 32 at n. 2.

3. On June 15, 2007, the United States also filed a motion for discovery pursuant to 21 U.S.C. § 832(m) and Fed. R. Crim. P. 32.2(b)(3) requesting that it be allowed to depose the defendant, and have her answer interrogatories and requests for production of documents. See Document No. 31.

4. On June 29, 2007, the defendant filed an opposition to the motion for forfeiture of substitute assets and motion for discovery. In that opposition, the defendant admitted she had an interest in both properties, and stated that she "has already agreed to sell these properties and use [to] money toward restitution." See Document No. 34 at ¶¶ 1 and 3.

5. Recently, the undersigned counsel learned that on July 26, 2007, after the motion for forfeiture of substitute assets was filed and served on defendant (through her counsel), the defendant sold the District of Columbia property for $439,000. See Exhibit A (Deed). The United States has reason to believe that upon closing, after a mortgage lien was paid, the defendant received over $200,000 for the sale of the District of Columbia property. The United States does not know the whereabouts of those assets, nor does it know the whereabouts of the proceeds of the sale of the Florida property.

6. The United States checked with the Clerk of the United States District Court for the

District of Columbia and learned that the defendant has not made any payment towards restitution or the $552,652.44 money judgment.

7. On February 6, 2008, the Court granted the United States' motions and ordered the above listed properties forfeited as substitute assets, and ordered a writ of entry. See Document Nos. 39 and 40. The Court also ordered that the defendant be deposed and answer interrogatories and requests for production of documents. See Document No. 37.

8. The United States moves to vacate the Writ of Entry because the defendant has transferred or sold the two properties to third parties.

9. The United States further moves pursuant to 21 U.S.C. § 853(m) to modify the February 6, 2008 discovery order to allow the United States to depose additional persons and require the production of documents from those persons connected with the 2007 sales of the above listed properties, including, but not limited to, the buyers of the properties, the realty and settlement companies and their representatives, representatives of any lien holders of the properties, and Ana Curtis, power of attorney for the defendant.[2] Additional discovery is necessary in order for the United States to locate the proceeds of the sale of the two properties, if any, and to determine whether the purchasers of the properties were "bona fide purchaser(s) for value" pursuant to 21 U.S.C. § 853(n).

10. The United States will serve the February 6, 2008 Order forfeiting substitute assets on the recorded owners of the above two properties. The United States will stay any execution of

---

[2] As the Court is aware, discovery from the defendant is still necessary because the United States has been unable to locate or identify approximately $462,000 that the defendant secured as proceeds of her fraud scheme. See Document No. 32, Appendix B.

the forfeiture order until it has had the opportunity to explore through discovery whether the owners are "bona fide purchasers of value," and the whereabouts of any proceeds from the sales of the properties.

11.  Through 21 U.S.C. § 853(p), this Court has the authority to order the forfeiture of any substitute assets of the defendant until the sum of forfeitures equals the money judgment of $552,652.44 owed to the United States.  If the United States learns that the owners of the two properties are "bona fide purchasers for value," and can locate any proceeds from the sale of these properties, the United States will move to modify the February 6, 2008 Order forfeiting substitute assets at that time.

WHEREFORE, the United States respectfully requests that this Court grant the United States' Motion to Vacate Writ of Entry and Motion to Modify the Court's Discovery Order.

Respectfully submitted,

_/s/ _____
JEFFREY A. TAYLOR
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Assistant United States Attorney

_/s/_____
DIANE G. LUCAS, DC Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912
Diane.Lucas@usdoj.gov